IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN TYRONE DAVIS, | No. 2:12-CV-0181-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is respondents' motion to dismiss the petition as untimely (Doc. 12).

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

On June 25, 2007, petitioner was convicted of assault likely to produce great bodily injury and of dissuading a witness and was sentenced to 15 years in state prison. Petitioner's conviction and sentence were affirmed by the California Court of Appeal on January 8, 2009. The California Supreme Court declined direct review on March 18, 2009, and the time to seek review by the United States Supreme Court expired on June 16, 2009. Petitioner then filed two state habeas actions, as follows:

| | | |
|---|---|---|
| First Petition | | Filed February 23, 2009, in the Sacramento County Superior Court; denied May 26, 2009. |
| Second Petition | | Filed June 29, 2009, in the California Supreme Court; denied November 19, 2009. |

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits

decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

        The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

1    There is no tolling for the interval of time between post-conviction applications
2 where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
3 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
4 tolling for the period between different sets of post-conviction applications.  See Biggs v.
5 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
6 review and the filing of a state post-conviction application does not toll the limitations period.
7 See Nino, 1983 F.3d at 1006-07.
8    In this case, the one-year limitations period commenced on June 17, 2009 – the
9 day following expiration of the time to seek certiorari in the United States Supreme Court.  The
10 first state had no effect on the limitations period because it had not commenced as of the time the
11 first petition was filed or resolved.  Respondent concedes that the limitations period is tolled for
12 the time the second state petition was pending (i.e., between the date it was filed and the date it
13 was denied).  Respondent argues that, with this period of tolling, the petition was due on or
14 before November 7, 2010, and that the instant petition, which was filed on January 24, 2012, is
15 untimely.
16    The court agrees that the petition is untimely.  Even assuming the best situation
17 for petitioner – that the one-year limitations period did not begin until November 19, 2009, when
18 his second state habeas petition was denied by the California Supreme Court, petitioner's federal
19 petition would have been due in November 2010.  Because petitioner did not file his federal
20 petition until January 2012, it is untimely even under the best case scenario for petitioner.
21    In his opposition, petitioner argues that he is entitled to tolling for the period from
22 July 2009 through May 2011.  Petitioner states:
23
>  . . . [O]n July 8, 2009, [petitioner] was compelled to transfer,
> without his personal property or legal files, to California State Prison –
24 > Sacramento ("Folsom") where he remained for approximately one week
> before being transported to the [Sacramento County Main Jail] by the U.S.
25 > Marshall's for prosecution in a federal matter currently pending before this
> court. . . .  Consequently, Petitioner contends he suffered a state-imposed
26 > impediment beyond his control and he is therefor entitled to equitable

4

tolling from July 8, 2009, through May 2011.

In essence, petitioner claims that his transfer to the Sacramento County Main Jail, where he does not have access to his legal paperwork, entitles him to tolling due to a state-created impediment. See 28 U.S.C. § 2244(d)(1)(B). As respondents note, however, tolling is only available where the state impediment violates the constitution or laws of the United States. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007). Thus, in the context of petitioner's claim that the state created an impediment by separating him from his legal materials, petitioner would have to show that such action denied him access to the courts. This petitioner cannot do because he cannot establish an actual injury. As indicated by documents attached to petitioner's opposition, it is clear that he was able to contact various courts and state agencies, and to file prison grievances, despite the lack of access to his materials. Thus, there was no impediment that rose to the level of a constitutional violation. See Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2009).

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondents' motion to dismiss (Doc. 21) is granted;

2. This action is dismissed; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: October 16, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE